1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                        CENTRAL DISTRICT OF CALIFORNIA

9

10   MARCUS R. ELLINGTON, SR.,              Case No. CV 20-9116-CBM (KK)

11                    Plaintiff,

12            v.                            ORDER DISMISSING COMPLAINT
                                            WITH LEAVE TO AMEND
13   CALIFORNIA DEPT. OF CORR. &
     REH., SECRETARY OF, ET AL.
14
                     Defendants.
15

16

17                                    I.

18                              **INTRODUCTION**

19        Plaintiff Marcus R. Ellington, Sr. ("Plaintiff"), proceeding pro se and in forma

20   pauperis, filed a Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("Section

21   1983") and 42 U.S.C. § 2000cc et seq. ("Religious Land Use and Institutionalized

22   Person Act" or "RLUIPA").  For the reasons discussed below, the Court dismisses

23   the Complaint with leave to amend.

24                                    II.

25                              **BACKGROUND**

26        On October 4, 2020, Plaintiff, who is currently an inmate at California State

27   Prison – Los Angeles County in Lancaster, California ("CSP-LAC"), constructively

28

filed[1] a Complaint pursuant to Section 1983 and RLUIPA against the following defendants: (1) State of California, (2) Secretary of the Department of Corrections, (3) J. Clark Kelso, (4) R.C. Johnson, (5) C. Galstian, (6) M. Lewis, (7) B. Ramos, (8) S. Gates, (9), Ha/Haas, (10) S. John, (11) T. Lewandowski, (12) E. Lake, (13) D. Ulstad, and (14) CSP-LAC Religious Review Committee/Does 1-10.  ECF Docket No. ("Dkt.") 1.  All individual defendants are sued in both their individual and official capacities.  Id. at 7-9.  The allegations in the Complaint are divided into two sections: "Denial of Medical Care" and "Substantial Burden of Religious Exercise."  Id. at 11-16.

In the section of the Complaint entitled "Denial of Medical Care," Plaintiff alleges on May 17, 2019, he was evaluated by a neurosurgeon who diagnosed him with "Severe Spinal Stenosis" and recommended a "Philadelphia type collar" and "Staged surgery (spinal)."  Id. at 11.  Plaintiff claims defendants R.C. Johnson, Secretary of the Department of Corrections, J. Clark Kelso, C. Galstian, M. Lewis, B. Ramos, S. Gates, Ha/Haas, and nurse practitioner Oh[2] "refuse the treatments recommended by the Expert and the Ultram pain medication" prescribed at a January 17, 2020 telemedicine consultation.  Id. at 12.  Plaintiff states "Defendants are basing their decision to not give [P]laintiff the treatments RECOMMENDED by the expert on a Policy or rule that CDCR has that gives itself the ultimate decision as to medical care for prisoner's (sic)."  Id.

Plaintiff further states he receives "Amatryptaline" and "SULINDAC" for his pain, "each of which does nothing to lessen his pain."  Id.  Plaintiff claims he has "advised Ha/Haas, OH and, the other defendant's [sic] that these medications do not

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

[2] It is unclear whether Plaintiff seeks to name nurse practitioner Oh as a defendant. Notably, Oh is not listed as a defendant.  See dkt. 1 at 7-9.  If Plaintiff files an amended complaint, he must clearly list all individuals he names as defendants.

lessen his pain." Id.  Plaintiff, therefore, concludes defendants are knowingly permitting his pain to continue while "hav[ing] the record appear as though the [P]laintiff is being treated." Id.

Plaintiff also alleges defendants R.C. Johnson, Secretary of the Department of Corrections, J. Clark Kelso, C. Galstian, M. Lewis, B. Ramos, S. Gates, Ha/Haas, and nurse practitioner Oh "will not prescribe pain relief comparable to his level of pain" and fail to provide a "cervical pillow" or "wedge pillow and mattresses to treat his painful condition's [sic]." Id. at 12-13.  Without a pillow or mattress, Plaintiff is "forced to sleep sitting up in his wheelchair . . . causing him sever [sic] pain in his neck." Id. at 12.  "Plaintiff is being deprived of sleep and maintained in disabling pain daily." Id.  Additionally, the pain in Plaintiff's spine prevents him from "walking, bending and twisting at the waist," and "wip[ing] his bottom after using the toilet and during showering," resulting in "Staph infections due to being unable to keep clean and being further crippled by inactivity due to inadequate pain relief." Id.

In the section of the Complaint entitled "Substantial Burden of Religious Exercise," Plaintiff alleges during the month of January 2019, "Rabb[i] Lazar was tasked with the telling the [P]laintiff that he was being removed [from] the Kosher diet program due to [P]laintiff having purchased non-kosher items from the prison canteen for another inmate." Id. at 14.  Plaintiff claims removal from the program was "ordered by E. Lake and the Doe's [sic] of the religious review committee (RRC)." Id.  Plaintiff states he has practiced Judaism for more than thirteen years and is Hebrew by birth and is, therefore, being denied his right to practice his religion due to the refusal to place him on the Kosher diet program.

Plaintiff seeks injunctive relief, including that he be provided Kosher meals and "pain relief comparable to the level of pain [Plaintiff] is in, . . . [c]ervical and wedge pillows, . . . the Philadelphia type collar ordered by the expert/specialist," and surgery. Id. at 17.  Plaintiff also seeks compensatory and punitive damages.  Id.

///

3

1                                                **III.**

2                               **<u>STANDARD OF REVIEW</u>**

3        Where a plaintiff is a prisoner or proceeding <u>in forma pauperis</u>, a court must

4 screen the complaint under 28 U.S.C. §§ 1915 and 1915A and is required to dismiss

5 the case at any time if it concludes the action is frivolous or malicious, fails to state a

6 claim on which relief may be granted, or seeks monetary relief against a defendant

7 who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A; <u>see</u> <u>Barren v.</u>

8 <u>Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998).

9        Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a

10 "short and plain statement of the claim showing that the pleader is entitled to relief."

11 FED. R. CIV. P. 8(a)(2).  In determining whether a complaint fails to state a claim for

12 screening purposes, a court applies the same pleading standard as it would when

13 evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  <u>See</u>

14 <u>Watison v. Carter</u>, 668 F.3d 1108, 1112 (9th Cir. 2012).

15        A complaint may be dismissed for failure to state a claim "where there is no

16 cognizable legal theory or an absence of sufficient facts alleged to support a

17 cognizable legal theory." <u>Zamani v. Carnes</u>, 491 F.3d 990, 996 (9th Cir. 2007).  In

18 considering whether a complaint states a claim, a court must accept as true all of the

19 material factual allegations in it.  <u>Hamilton v. Brown</u>, 630 F.3d 889, 892-93 (9th Cir.

20 2011).  However, the court need not accept as true "allegations that are merely

21 conclusory, unwarranted deductions of fact, or unreasonable inferences." <u>In re</u>

22 <u>Gilead Scis. Sec. Litig.</u>, 536 F.3d 1049, 1055 (9th Cir. 2008).  Although a complaint

23 need not include detailed factual allegations, it "must contain sufficient factual matter,

24 accepted as true, to state a claim to relief that is plausible on its face." <u>Cook v.</u>

25 <u>Brewer</u>, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662,

26 678 (2009)).  A claim is facially plausible when it "allows the court to draw the

27 reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>  The

28 complaint "must contain sufficient allegations of underlying facts to give fair notice

and to enable the opposing party to defend itself effectively." <u>Starr v. Baca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed <u>pro se</u> is 'to be liberally construed,' and a '<u>pro se</u> complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" <u>Woods v. Carey</u>, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," <u>Neitzke v. Williams</u>, 490 U.S. 319, 330 n.9 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," <u>Ileto v. Glock Inc.</u>, 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is <u>pro se</u>. <u>Id.</u> at 1130-31; <u>see also</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. <u>Cato</u>, 70 F.3d at 1107-11; <u>see also</u> <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

## A.  THE RELIGIOUS EXERCISE CLAIMS ARE IMPROPERLY JOINED WITH THE DENIAL OF MEDICAL CARE CLAIMS

### 1.  Applicable Law

A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. FED. R. CIV. P. 18 (a). Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of

transactions" and "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2).

"Under Federal Rule of Civil Procedure 20(a)(2), a plaintiff may bring a claim against multiple defendants so long as (1) the claim against them arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact as to all defendants." Smith v. Trexler, No. 13-CV-01052-SBA (PR), 2016 WL 925851, at *3 (N.D. Cal. Mar. 11, 2016).  If the test for permissive joinder is not satisfied, the court "may at any time, on just terms, add or drop a party" and "may also sever any claim against a party." FED. R. CIV. P. 21; see also Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997) (noting that if joined plaintiffs fail to meet requirements of Rule 20(a), "the district court may sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance").

### 2.    Analysis

Here, Plaintiff's religious exercise claims do not satisfy the requirements of Rule 20(a) for permissive joinder with the claims arising out of Plaintiff's alleged denial of medical care.  First, the religious exercise claims do not arise out of the same "transaction, occurrence, or series of transactions" as the medical care claims, which occurred five months apart and involved different defendants and unrelated alleged harms. FED. R. CIV. P. 20(a)(2)(A).  Second, the incidents do not appear to present any "question of law or fact common to all defendants[.]" See FED. R. CIV. P. 20(a)(2)(B).  Thus, neither prong of Rule 20(a)(2) is not satisfied. See Coughlin, 130 F.3d at 1351 (holding that claims "involv[ing] different legal issues, standards, and procedures" do not involve common factual or legal questions).  Hence, Plaintiff's unrelated claims against different defendants must be brought in separate lawsuits to avoid confusion and prevent "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that unrelated claims against different defendants should be brought in

1  different lawsuits, in part to prevent prisoners from circumventing filing-fee

2  requirements and three-strikes rule under Prison Litigation Reform Act); <u>Gonzalez v.</u>

3  <u>Maldonado</u>, No. 1:11-cv-01774-SAB (PC), 2013 WL 4816038, at *2 (E.D. Cal. Sept. 9,

4  2013) (same).

5      Accordingly, Plaintiff's religious exercise claims are improperly joined and must

6  be brought, if at all, in a separate lawsuit.  The Court addresses Plaintiff's Section 1983

7  denial of medical care claims below.

8  **B.**  **THE ELEVENTH AMENDMENT BARS ALL SECTION 1983**

9     **CLAIMS AGAINST THE STATE OF CALIFORNIA AND THE**

10    **INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITY**

11    **FOR MONEY DAMAGES**

12    **1.**  **Applicable Law**

13     "The Eleventh Amendment prohibits federal courts from hearing suits brought

14  against an unconsenting state."  <u>Brooks v. Sulphur Springs Vall. Elec. Co-op.</u>, 951

15  F.2d 1050, 1053 (9th Cir. 1991) (citing <u>Pennhurst State Sch. & Hosp. v. Halderman</u>,

16  465 U.S. 89, 100 (1984)).  This jurisdictional bar includes "suits naming state agencies

17  and departments as defendants," and it applies whether a plaintiff "seek[s] damages or

18  injunctive relief."  <u>Id.</u>; <u>Pennhurst State Sch. & Hosp.</u>, 465 U.S. at 102.  "[A]n entity

19  with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983."

20  <u>Howlett By & Through Howlett v. Rose</u>, 496 U.S. 356, 365 (1990).  Thus, "neither a

21  State nor its officials acting in their official capacities are 'persons' under § 1983."

22  <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71 (1989).

23    **2.**  **Analysis**

24     Here, to the extent Plaintiff seeks to sue the State of California and individual

25  defendants in their official capacity for money damages[3] pursuant to Section 1983,

26  such claims are barred under the Eleventh Amendment.

27  _____

28  [3] Individual state official and employees may be sued in their official capacity for
prospective injunctive relief under the <u>Ex parte Young</u> doctrine, a limited exception to
Eleventh Amendment immunity.  <u>See Ex parte Young</u>, 209 U.S. 123 (1908); <u>Doe v.</u>

1    Accordingly, Plaintiff's Section 1983 claims against the State of California and

2    the individual defendants in their official capacity for money damages are subject to

3    dismissal.

4    **C.     THE COMPLAINT FAILS TO STATE A CLAIM FOR DELIBERATE**

5    **INDIFFERENCE TO SERIOUS MEDICAL NEEDS**

6    **1.     Applicable Law**

7    Section 1983 prohibits persons acting under color of law from depriving

8    individuals of their constitutional rights.  42 U.S.C. § 1983.  To state a claim against a

9    defendant for violation of civil rights under Section 1983, a plaintiff must allege the

10   defendant deprived him or her of a right guaranteed under the Constitution or a

11   federal statute.  See West v. Atkins, 487 U.S. 42, 48 (1988); Karim-Panahi v. Los

12   Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1998).  A plaintiff must present

13   facts showing how a particular defendant was directly and personally involved in

14   inflicting the alleged injury.  See Iqbal, 556 U.S. at 676.  Moreover, although a

15   complaint need not include detailed factual allegations, it "must contain sufficient

16   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

17   Cook, 637 F.3d at 1004 (quoting Iqbal, 556 U.S. at 678).

18   Prison officials or private physicians under contract to treat state inmates

19   "violate the Eighth Amendment if they are 'deliberate[ly] indifferen[t] to [a prisoner's]

20   serious medical needs.'"  Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014)

21   (alterations in original) (citation omitted); Farmer v. Brennan, 511 U.S. 825, 828

22   (1994); West v. Atkins, 487 U.S. 42, 54 (1988).  To assert a deliberate indifference

23   claim, a prisoner plaintiff must show the defendant (1) deprived him of an objectively

24

25

26   Regents of the Univ. of California, 891 F.3d 1147, 1153 (9th Cir. 2018) (holding
     "Under the Ex parte Young exception to that Eleventh Amendment bar, a party may
27   seek prospective injunctive relief against an individual state officer in her official
     capacity.")

28

1   serious medical need, and (2) acted with a subjectively culpable state of mind.  Wilson

2   v. Seiter, 501 U.S. 294, 297 (1991).

3       "A medical need is serious if failure to treat it will result in 'significant injury or

4   the unnecessary and wanton infliction of pain.'"  Peralta, 744 F.3d at 1081. "A prison

5   official is deliberately indifferent to [a serious medical] need if he 'knows of and

6   disregards an excessive risk to inmate health.'"  Id. at 1082 (citation omitted).  This

7   standard "requires more than ordinary lack of due care."  Colwell v. Bannister, 763

8   F.3d 1060, 1066 (9th Cir. 2014).  The "official must both be aware of facts from

9   which the inference could be drawn that a substantial risk of serious harm exists, and

10  he must also draw the inference."  Id.

11      "Deliberate indifference 'may appear when prison officials deny, delay, or

12  intentionally interfere with medical treatment, or it may be shown by the way in which

13  prison physicians provide medical care.'"  Id. (citing Hutchinson v. United States, 838

14  F.2d 390, 394 (9th Cir. 1988)).  In either case, however, the indifference to the

15  inmate's medical needs must be purposeful and substantial; negligence, inadvertence,

16  or differences in medical judgment or opinion do not rise to the level of a

17  constitutional violation.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996),

18  cert. denied, 519 U.S. 1029 (1996); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.

19  2004) (negligence constituting medical malpractice is not sufficient to establish an

20  Eighth Amendment violation); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

21  Similarly, "[a] difference of opinion between a prisoner-patient and prison medical

22  authorities regarding treatment does not give rise" to a Section 1983 claim.  Franklin

23  v. Or., State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981).  A plaintiff "must

24  show that the course of treatment the doctors chose was medically unacceptable

25  under the circumstances, and . . . that they chose this course in conscious disregard of

26  an excessive risk to plaintiff's health."  Jackson, 90 F.3d at 331.

27  ///

28  ///

9

**2.     Analysis**

Here, Plaintiff sets forth conclusory allegations, but provides no specific facts to support his conclusions as to each defendant.  Plaintiff simply alleges defendants R.C. Johnson, Secretary of the Department of Corrections, J. Clark Kelso, C. Galstian, M. Lewis, B. Ramos, S. Gates, Ha/Haas and nurse practitioner Oh "refuse the treatments recommended by the Expert," but provides no factual allegations to support this conclusion.  Dkt. 1 at 12.  For example, Plaintiff does not provide facts to indicate when and how the defendants were informed of the recommended treatments or whether defendants have the authority to deny treatments, and if so, what actions they took to deny such treatments.  Similarly, Plaintiff simply alleges he has "advised Ha/Haas . . . and the other defendant's [sic] that [his prescribed] medications do not lessen his pain," but again provides no factual allegations.  Id. at 12.  For example, Plaintiff does not state when or how defendants were advised that the prescribed medications were not alleviating his pain; whether the defendants have the authority to prescribe other medication, and if so, what actions they took to deny such medication.  Plaintiff's allegations that defendants R.C. Johnson, Secretary of the Department of Corrections, J. Clark Kelso, C. Galstian, M. Lewis, B. Ramos, S. Gates, Ha/Haas, and nurse practitioner Oh "will not prescribe pain relief comparable to his level of pain" and fail to provide a "cervical pillow" or "wedge pillow and mattresses to treat his painful condition's (sic)," id. at 12-13, suffer from similar deficiencies.

If Plaintiff seeks to amend this claim, he must allege specific facts indicating, among other things, when and how each defendant learned of Plaintiff's recommended treatments; what role each defendant has in prescribing Plaintiff's medical treatment; when and how each defendant was informed Plaintiff was in severe pain, unable to sleep, or unable to care for himself; and what actions each defendant took to deny Plaintiff other pain medication, surgery, a cervical pillow, or a wedge pillow.  Plaintiff is further advised he cannot simply refer to defendants collectively as a group, rather he must set forth specific factual allegations for each

1  defendant to demonstrate that each defendant was directly and personally involved in

2  the alleged constitutional deprivation.

3                                              **V.**

4                      **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

5          For the foregoing reasons, the Complaint is subject to dismissal.  As the Court

6  is unable to determine whether amendment would be futile, leave to amend is granted.

7  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  Plaintiff is

8  advised that the Court's determination herein that the allegations in the Complaint are

9  insufficient to state a particular claim should not be seen as dispositive of that claim.

10 Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual

11 matter in his pleading, accepted as true, to state a claim to relief that is viable on its

12 face, Plaintiff is not required to omit any claim in order to pursue this action.

13 However, if Plaintiff asserts a claim in his First Amended Complaint that has been

14 found to be deficient without addressing the claim's deficiencies, then the Court,

15 pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned

16 district judge a recommendation that such claim be dismissed with prejudice for

17 failure to state a claim, subject to Plaintiff's right at that time to file Objections with

18 the district judge as provided in the Local Rules Governing Duties of Magistrate

19 Judges.

20         Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the

21 service date of this Order, Plaintiff choose one of the following three options:

22         1.      Plaintiff may file a First Amended Complaint to attempt to cure the

23 deficiencies discussed above.  The Clerk of Court is directed to mail Plaintiff a blank

24 Central District civil rights complaint form to use for filing the First Amended

25 Complaint, which the Court encourages Plaintiff to use.

26         If Plaintiff chooses to file a First Amended Complaint, he must clearly

27 designate on the face of the document that it is the "First Amended Complaint," it

28 must bear the docket number assigned to this case, and it must be retyped or

1    rewritten in its entirety, preferably on the court-approved form.  Plaintiff shall not

2    include new defendants or allegations that are not reasonably related to the claims

3    asserted in the Complaint.  In addition, the First Amended Complaint must be

4    complete without reference to the Complaint, or any other pleading, attachment, or

5    document.

6         An amended complaint supersedes the preceding complaint.  Ferdik v.

7    Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will treat

8    all preceding complaints as nonexistent.  Id.  **Because the Court grants Plaintiff**

9    **leave to amend as to all his claims raised here, any claim raised in a preceding**

10   **complaint is waived if it is not raised again in the First Amended Complaint.**

11   Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

12        The Court advises Plaintiff that it generally will not be well-disposed toward

13   another dismissal with leave to amend if Plaintiff files a First Amended Complaint

14   that continues to include claims on which relief cannot be granted.  "[A] district

15   court's discretion over amendments is especially broad 'where the court has already

16   given a plaintiff one or more opportunities to amend his complaint.'"  Ismail v. Cty.

17   of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at

18   1261.  Thus, **if Plaintiff files a First Amended Complaint with claims on which**

19   **relief cannot be granted, the First Amended Complaint will be dismissed**

20   **without leave to amend and with prejudice.**

21        2.      Alternatively, Plaintiff may file a notice with the Court that he intends to

22   stand on the allegations in his Complaint.  If Plaintiff chooses to stand on the

23   Complaint despite the deficiencies in all of Plaintiff's claims identified above, then the

24   Court will submit a recommendation to the assigned district judge **that the**

25   **Complaint, in its entirety, be dismissed with prejudice for failure to state a**

26   **claim**, subject to Plaintiff's right at that time to file Objections with the district judge

27   as provided in the Local Rules Governing Duties of Magistrate Judges.

28

3.      Finally, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  <u>The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.</u>

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in this action being dismissed without prejudice for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated:  January 27, 2021

HONORABLE KENLY KIYA KATO
United States Magistrate Judge