1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10   MARCUS R. ELLINGTON, SR., | Case No. CV 20-9116-CBM (KK) |
| 11                    Plaintiff, | |
| 12                    v. | **ORDER ACCEPTING AMENDED FINDINGS AND** |
| 13   CALIFORNIA DEPT. OF CORR. AND REH., SECRETARY OF, ET AL., | **RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| 14 | |
| 15                    Defendant(s). | |

16

17          Pursuant to 28 U.S.C. § 636, the Court has reviewed the Fourth Amended

18   Complaint, the relevant records on file, and the Amended Report and

19   Recommendation of the United States Magistrate Judge.

20          On October 20, 2022, the assigned United States Magistrate Judge issued an

21   Amended Report and Recommendation finding the Fourth Amended Complaint

22   should be dismissed with prejudice and without leave to amend for failure to comply

23   with Federal Rule of Civil Procedure 8 ("Rule 8").  ECF Docket No. ("Dkt.") 70.

24           The Court has engaged in de novo review of the Amended Report, and the

25   Court accepts the amended findings and recommendation of the Magistrate Judge.

26          On November 1, 2022, Plaintiff constructively filed a "Motion for leave to file

27   (second) supplemental Statement of Claims to cure the deficiencies claimed by the

28   Magistrate Judge," which the Magistrate Judge construed as Objections to the

1    Amended Report and Recommendation.  Dkt. 71.  In addition, on November 3, 2022,

2    Plaintiff constructively filed a "Motion for Leave to File Supplemental Complaint,"

3    seeking leave to supplement the Fourth Amended Complaint with additional claims

4    against additional defendants arising out of their alleged denial of medical treatment

5    that has occurred since he filed the Fourth Amended Complaint.  Dkt. 72.  The

6    Magistrate Judge construed Docket No. 72 as a Supplement to the Objections filed in

7    Docket No. 71.

8         On December 6, 2022, Plaintiff constructively filed a Motion to Correct Error

9    of the Court as to Docket No. 72, stating the Court erred because it "has construed

10   the Plaintiffs [sic] Motion for leave to file supplemental complaint" Dkt. 72 "as a

11   response to the Magistrates [sic] FINDINGS AND RECOMMENDATION[(S)."

12   Dkt. 74.  Plaintiff also requests that the Court consider the Motion for Leave to File

13   Supplemental Complaint attached as Exhibit A to his Motion to Correct.  Dkt. 74.

14   Because Exhibit A to Docket No. 74 is a copy of the document filed in Docket No.

15   71, which was construed by the Magistrate Judge as Objections to the Amended

16   Report and Recommendation, it appears Plaintiff also is requesting that the Court

17   consider Docket No. 71 as a motion to supplement the Fourth Amended Complaint

18   rather than as Objections to the Amended Report and Recommendation.  The Court

19   grants Plaintiff's Motion to Correct (Dkt. 74), and considers the Motion for Leave to

20   File Supplemental Complaint attached as Exhibit A to the Motion to Correct and filed

21   at Docket No. 71, along with Plaintiff's motion to supplement filed as Docket No. 72.

22        A trial court has broad discretion in deciding whether to permit a supplemental

23   pleading.  See Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988).  Here, as with the

24   Fourth Amended Complaint, the Court finds each of the proposed supplemental

25   complaints attached to the "Motion for leave to file (second) supplemental Statement

26   of Claims to cure the deficiencies claimed by the Magistrate Judge" (Dkt. 71),

27   "Motion for Leave to File Supplemental Complaint" (Dkt. 72), and Motion to Correct

28                                          2

1   Error (Dkt. 74) so confusing that the complaint fails to comply with Rule 8.  See Little

2   v. Baca, No. CV 13-0373-PA (RZ), 2013 WL 436018, at *3 (C.D. Cal. Feb. 1, 2013)

3   (holding unclear pleadings that "leav[e] it to the Court to figure out what the full array

4   of [Plaintiff's] claims is and upon what federal law, and upon what facts, each claim is

5   based," are subject to dismissal).  For example, the "Additional Facts" section appears

6   to allege defendant Oh denied him medical care, but the "Claims for Relief" section

7   does not mention defendant Oh.  Dkt. 72.  In addition, it is not clear which

8   defendants Plaintiff seeks to add to the action or in what capacity he seeks to add

9   them.  For example, it appears Plaintiff is seeking to add defendant Gates based solely

10  on his role as supervisor.  However, as previously explained to Plaintiff in the

11  Amended Report and Recommendation, "[u]nder Section 1983, supervisory officials

12  are not liable for actions of subordinates on any theory of vicarious liability."  Crowley

13  v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013).  Moreover, it appears Plaintiff may be

14  seeking to sue defendants Allison, Galstian, and Johnson based solely on their failure

15  to respond to Plaintiff's "complaint letter."  Dkt. 72 at 5.  Plaintiff, however, is not

16  entitled to any particular response to his grievances or to have his grievances

17  "processed to [his] liking."  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)

18  ("There is no legitimate claim of entitlement to a grievance procedure."); Jordan v.

19  Asuncion, No. CV 17-1283 PSG (SS), 2018 WL 2106464, at *3 (C.D. Cal. May 7,

20  2018) ("[A] prisoner [does not] have a constitutional right to any particular grievance

21  outcome.").  The Court, therefore, finds granting leave to supplement the Fourth

22  Amended Complaint must be denied because permitting the supplemental complaint

23  would be futile.  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of

24  amendment can, by itself, justify the denial of a motion for leave to amend."); see also

25  F.B.T. Prods., LLC v. Aftermath Recs., No. CV 07-3314-PSG (MANx), 2012 WL

26  12919088, at *3 (C.D. Cal. June 27, 2012) (the standard used by district courts in

27  deciding whether to grant or deny a motion for leave to supplement is the same

28                                                3

1    standard used in deciding whether to grant or deny a motion for leave to amend a

2    complaint).

3         Finally, on November 8, 2022, Plaintiff constructively filed a "Declaration of

4    Plaintiff in Support of the 42 U.S.C. § 1983 Civil Complaint." Dkt. 73.  The

5    Declaration does not appear to contain factual statements that are not otherwise

6    alleged in the Fourth Amended Complaint (dkt. 62), the Supplemental Statement of

7    Claims (dkt. 67), or the proposed supplemental complaints attached to Plaintiff's

8    Motion for leave to file (second) supplemental Statement of Claims (dkt. 71),

9    Plaintiff's Motion for Leave to File Supplemental Complaint (dkt. 72), and Plaintiff's

10   Motion to Correct (dkt. 74).  Moreover, in considering whether the Fourth Amended

11   Complaint or any of the proposed supplemental complaints states a claim, the Court

12   has accepted as true all of the material factual statements alleged therein.  Hamilton v.

13   Brown, 630 F.3d 889, 892-93 (9th Cir. 2011).  Therefore, while it is not clear which

14   complaint or supplemental statement the Declaration pertains to, it is not relevant to

15   the Court's consideration of whether the Fourth Amended Complaint should be

16   dismissed for failure to comply with Rule 8 or whether leave to file the proposed

17   supplemental complaint should be denied.

18        IT IS THEREFORE ORDERED that Judgment be entered dismissing the

19   Fourth Amended Complaint with prejudice and without leave to amend.  IT IS

20   FURTHER ORDERED that Plaintiff's Motion for Leave to File Supplemental

21   Complaint is DENIED.

22

23   Dated:  January 19, 2023.

24                                    _____
                                      HONORABLE CONSUELO B. MARSHALL
25                                    United States District Judge

26

27

28                                        4